**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KAREEM HENDRICKS,
                Plaintiff,

v.   No. 04-CV-744 (LEK/DRH)

RICHARD M. KNIGHT, Correction Officer;
ROBERT D. HODSON, Correction Officer;
JAMES R. SULLIVAN, Correction Officer;
JOHN M. HAI, Correction Officer; PETER M.
KUC, Correction Officer; ALBERT G.
RODRIGUEZ, Correction Officer; RICHARD
A. FOSTER, Correction Officer; D. ANDROSKO,
Registered Nurse; SERGEANT CHILSON; and
J. BURGE, Superintendent,

                Defendants.

---

**APPEARANCES:**

KAREEM HENDRICKS
Plaintiff Pro Se
No. 02-A-5592
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871-2000

HON. ELIOT SPITZER
Attorney General for the
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

STEVEN H. SCHWARTZ, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Kareem Hendricks ("Hendricks"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, ten DOCS employees, violated his constitutional rights under the Eighth Amendment.  Compl. (Docket No. 1).  Presently pending is the motion of three defendants[2] for partial summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 22.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Failure to Respond

Hendricks did not oppose defendants' motion.  In an order dated November 30, 2005, Hendricks was warned that his failure to respond to defendants' motion by setting forth specific facts demonstrating a genuine issue of fact would result in this Court treating the facts asserted by defendants as true and that the motion might be granted absent a response from Hendricks.  Docket No. 23.  Hendricks was granted sua sponte an additional month to file a response.  Id.  Despite this notice and extension of time, Hendricks has failed to respond to the motion.

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law.  Id.; Fed. R. Civ. P. 56(c).  Because Hendricks has not responded to raise

---

[2] Androsko, Chilson, and Burge.  Defs. Mem. of Law (Docket No. 22) at 4-5.

2

any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 22) are accepted as true. Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

## II.  Background

The facts are presented in the light most favorable to Hendricks as the non-moving party. See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

At all relevant times, Hendricks was incarcerated at Auburn Correctional Facility ("Auburn"). On June 14, 2003, Hendricks was involved in a major incident in the yard at Auburn involving several prison guards and inmates. Compl. at ¶¶ 16-17. During the incident, force was used by defendants to subdue Hendricks and other inmates. Docket No. 22 (Def. Statement of Material Facts) at ¶ 3. After the incident, Hendricks was taken to the Special Housing Unit ("SHU")[3] and examined by defendant Androsko, a nurse. Id. at ¶¶ 4, 9. While in SHU, Hendricks was denied visitation. Id. at ¶¶ 11-12. This action followed.

## III.  Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is

---

[3]SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the   general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (1995). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id. However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### IV. Discussion

Hendricks asserts four causes of action in his complaint. The first alleges that defendants Knight, Hodson, Sullivan, Hai, Kuc, Rodriguez, and Foster used excessive force, the second that defendant Androsko was deliberately indifferent to Hendricks'

medical needs, the third that defendant Chilson subjected Hendricks to cruel and unusual punishment, and the fourth that defendant Burge failed properly to train and manage his staff. Compl. at ¶¶ 26-44. The moving defendants seek summary judgment on the second, third, and fourth causes of action.

### A.  Burge

Defendants first contend that Hendricks has failed to establish the personal involvement of defendant Burge, the Auburn Superintendent, as alleged in the fourth cause of action. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). The doctrine of respondeat superior is not a substitute for personal involvement. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, supervisory officials, such as Burge, may not be held liable merely because they held a position of authority. Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). Supervisory personnel may be considered "personally involved," however, if they participated in the conspiracy, learned of the violation but failed to remedy the wrong, created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue, or were grossly negligent in managing subordinates who caused the violation. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).

Here, Hendricks' conclusory allegations fail to establish Burge's personal involvement. Although Burge had supervisory responsibility over all Auburn employees, there is no evidence that he participated here in the alleged violations, created a policy which allowed

5

constitutional violations to continue, or was grossly negligent in managing the other named defendants.

Therefore, it is recommended that defendants' motion be granted on this ground.

## B.  Androsko

Hendricks contends in his second cause of action that Androsko violated his constitutional rights by demonstrating deliberate indifference to his serious medical needs. Defendants contend that this claim is without merit.

In the case of a prisoner asserting an Eighth Amendment claim for denial of medical care, the prisoner must allege that prison officials were deliberately indifferent to a serious medical need.  Mere allegations of inadvertent failure to provide adequate medical care or of negligent diagnosis fail to establish the requisite culpable state of mind.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Rangolan v. County of Nassau, 217 F.3d 77, 79 (2d Cir. 2000).

When determining whether an inmate has a serious medical need, courts look to the following non-exhaustive list of factors: (1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of treatment; (2) whether the medical condition significantly affects daily activities; and (3) the existence of chronic and substantial pain. Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003).  There is no requirement that the inmate experience severe or extreme pain or that the condition will deteriorate into a life-threatening one. Id. at 163.

Here, Hendricks has offered only conclusory statements that his headaches and general pain constituted a serious medical need.  However, even if Hendricks' condition is

6

considered serious, his Eighth Amendment claim fails to show deliberate indifference or that Androsko did not treat his ailments. The deliberate indifference standard requires an inmate to show that the prison official knew that the inmate had a serious medical need and acted with a conscious disregard to this need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Each defendant must have acted with a sufficiently culpable and reckless state of mind, measured by a subjective standard. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Hendricks has failed to demonstrate that Androsko consciously disregarded his medical needs. Although he alleges that Androsko did not treat him after the incident, Androsko states that she did in fact treat Hendricks. See Androsko Decl. (Docket No. 22) at ¶ 6; see also Compl., Ex. E1. Thus, even assuming that Hendricks' condition constituted a "serious medical need," he still has not shown any evidence beyond conclusory statements that Androsko consciously disregarded his condition.

Therefore, it is recommended that defendants' motion on this ground be granted.

### C. Chilson

Hendricks contends in the third cause of action that Chilson caused him to be denied food, water, clothing, and a visit from his family in violation of the Eighth Amendment. Defendants contend that this claim is without merit.

The Eighth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. Cooper Indus. Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433-34 (2001). It prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment also imposes a duty upon prison officials "to take reasonable measures to guarantee the safety of the inmates themselves." Hudson

v. Palmer, 468 U.S. 517, 526-27 (1984). A prison official violates this Eighth Amendment duty only when two criteria are established. First, the deprivation must be "'objectively, sufficiently serious' that [the inmate] was denied 'the minimal civilized measure of life's necessities.'" Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer, 511 U.S. at 834). "This objective component . . . is also context specific, turning upon 'contemporary standards of decency.'" Blyden v. Mancusi, 186 F.3d 252, 263 (2d Cir. 1999) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citations omitted)).

Second, a defendant "must have [acted with] a 'sufficiently culpable' state of mind." Farmer, 511 U.S. at 834. "'In prison condition cases, that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.; Gaston, 294 F.3d at 164. "Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. New York City Dep't of Corrs., 84 F.3d 614, 620 (2d Cir. 1996). A plaintiff can demonstrate deliberate indifference by evidence that "a substantial risk [to inmate health and safety] was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official . . . had been exposed to information concerning the risk and thus 'must have known' about it . . . ." Farmer, 511 U.S. at 842-43.

Here, viewing the evidence in the light most favorable to Hendricks, he fails to provide any evidence that shows Chilson denied him food, water, clothing, or a family visit. Hendricks' conclusory allegations do not meet either the "objectively, sufficiently serious" or "'sufficiently culpable' state of mind" criteria needed to demonstrate that Chilson violated his Eighth Amendment duty.

Therefore, it is recommended that defendants' motion on this ground be granted.

## V.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for partial summary judgment (Docket No. 22) be **GRANTED**, and that judgment be entered for defendants on Hendricks' second, third, and fourth causes of action and that Androsko, Chilson, and Burge be terminated from the case.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  August 31, 2006
        Albany, New York

*David R. Homer*
United States Magistrate Judge